UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60338-RAR

**HELENA URÁN BIDEGAIN,** *et al.*,

    Plaintiffs,

v.

**LUIS ALFONSO PLAZAS VEGA**,

    Defendant.

_____/

<u>**SCHEDULING ORDER**</u>

On May 30, 2023, the Court entered an Omnibus Order, [ECF No. 72]. The Order required the parties "to discuss the parameters and scope of discovery regarding the affirmative defense of exhaustion of local remedies as it relates to (1) Colombia's Victims Law, (Law 1448/2011); (2) Article 90 of the Colombian Constitution; and (3) the Colombian investigation following the Inter-American Court of Human Rights' order that the Colombian government investigate and prosecute those responsible for Magistrate Urán's torture and execution." Order at 2. As the Order required, the parties filed a Joint Status Report outlining their respective positions and proposals regarding discovery pertinent to the exhaustion of local remedies. [ECF No. 74]. The parties generally agree on the timeline for the proposed scheduling order but disagree on the scope of discovery. *See id.* Having carefully reviewed the Joint Status Report and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the parties shall engage in discovery regarding the affirmative defense of exhaustion of local remedies, as the Court set out in its Omnibus Order, [ECF No. 72].

Additionally, for the purpose of preserving evidence, Plaintiffs may take a maximum of **five (5)** depositions relating to the merits of this case. The Court only grants Plaintiffs these depositions in light of Plaintiffs' representations that because "this case involves events that occurred nearly forty years ago in Colombia, some witnesses Plaintiffs anticipate will be key are of advanced age" and "ongoing safety concerns of deponents." Joint Status Report at 8–9. Plaintiffs shall cover all costs of these depositions, handle all technical logistics, and Defendant's counsel shall be permitted to attend remotely.

Accordingly, the Court enters the following Scheduling Order:

**July 13, 2023.** Parties shall serve written discovery limited to Defendant's affirmative defense of exhaustion.

**August 10, 2023.** Parties shall serve responses to written discovery on Defendant's affirmative defense of exhaustion.

**August 24, 2023**. Parties shall meet and confer regarding the necessity of depositions on Defendant's affirmative defense of exhaustion.

**September 21, 2023**. Parties shall exchange opening expert reports on Defendant's affirmative defense of exhaustion.

**October 19, 2023**. Parties shall exchange rebuttal expert reports on Defendant's affirmative defense of exhaustion.

**November 16, 2023.** Parties shall file dispositive motions on Defendant's affirmative defense of exhaustion.

**December 18, 2023**. Parties shall submit opposition briefs.

**January 2, 2023.** Parties shall submit reply briefs.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are hereby referred to United States Magistrate Judge Jared M. Strauss. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by the Magistrate Judge.

**Good Faith Conferral**.  For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a single e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules.  The parties are instructed to confer either telephonically or in person.

**Discovery**.  The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions.  The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above.  Stipulations that would so interfere may be entered into only with the Court's approval.  *See* FED. R. CIV. P. 29.  In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court.  Strict compliance with the Local Rules is expected, particularly with respect to motions practice.  *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**.  **The parties shall not file any written discovery motions, including motions to compel, for protective order, or for sanctions, without the consent of Magistrate Judge Strauss**.  Counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention.  The Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith.  If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they **shall not file written motions**.  Rather, the parties shall follow Judge Strauss's Discovery Procedure Order to schedule the matter for a hearing.

**DONE AND ORDERED** in Miami, Florida, this 27th day of June, 2023.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**